UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELSON GONZALEZ VILLA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SITE SERVICES OF CALIFORNIA, INC.,<br><br>Defendant. | Case No.: 5:12-CV-00318-LHK<br><br>ORDER RE: PLAINTIFF'S REQUEST FOR CLARIFICATION |

On November 13, 2012, this Court issued an Order denying Plaintiff's motion for class certification as to all proposed classes and subclasses, and granting Plaintiff's motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act (FLSA). ECF No. 120. Plaintiff has now sought clarification as to whether this Order denies Plaintiff's motion for certification of one subclass in particular: a subclass of drivers who did not receive a second meal break.

The Court's November 13, 2012 denial of certification was premised on a lack of sufficient evidence that Defendants operated under a common policy as to the provision of breaks. The Court ruled that neither Defendants' written policies, nor other evidence of common practice, was sufficient to establish that questions concerning the provision of breaks could be answered on a class-wide basis.

Plaintiff now suggests that these findings should not apply to the second meal-break subclass. However, the only evidence discussed in Plaintiff's briefing that is specific to the second meal break is: (1) the fact that time sheets do not contain a specific place to record a second meal break; (2) the deposition of one of Defendant's Vice Presidents who did not know whether employees actually took second meal breaks or not; and (3) the fact that the 206 declarations submitted by Defendant indicate that employees often took paid breaks if they needed a second break. None of these three pieces of evidence can establish that Defendant's policy regarding second meal breaks, unlike the rest of Defendant's break policies, was uniquely company-wide.

First, the fact that time sheets did not contain a specific line for recording a second meal break could just as easily reflect Defendant's policy that overtime was supposed to be an exception, not a routine occurrence, and that it required permission from a supervisor. *See, e.g.*, Camp Decl. Exh. 25 (Cortez Depo.) at 46:22-47:3. The fact that overtime may have been common does not change the fact that Defendant's policies required specific authorization from a supervisor, which would afford the opportunity for specific arrangements regarding the taking and reporting of a second break. There is no reason to believe that the absence of a particular blank on a preprinted sheet designed for shorter shifts means that drivers were not allowed to take breaks. Instead, each driver would have to prove what his supervisor permitted, with regards to overtime authorization. This is thus an individual, not a common, question.

Second, the testimony of Defendant's executives on which Plaintiff relies is inconclusive for the same reasons explained in the November 13, 2012 Order: it simply does not suggest that there was a company-wide practice or policy regarding the provision of meal breaks. *See, e.g.*, Camp Decl. Exh. 32 (Depo. of Mark Bartholomew) at 105:17-18 ("Again, I don't know if they took it or they didn't."). As explained in the November 13, 2012 Order, Defendant's written policy explicitly entrusted the scheduling of meal breaks to individual supervisors at each location. An executive's testimony that he did not know whether drivers actually did or did not take second meal breaks cannot establish that there was a company-wide practice or policy of preventing such breaks. At most, it establishes that the company did not uniformly require employees to take second meal breaks. But the law does not require Defendant to make sure employees actually take

2

1   meal breaks; it only requires that the breaks be made available.  *See Brinker Rest. Corp. v. Superior*
2   *Court*, 53 Cal. 4th 1004 (2012).
3       Third, the Court has already clearly explained that it places no weight on the 206
4   declarations from current employees.  Thus, even if they did say that workers were not allowed to
5   take a second off-duty meal break – which they do not – the Court would not find this evidence
6   persuasive.  Furthermore, Plaintiff cannot both move to strike these declarations as coerced
7   because the declarations state that workers were given appropriate breaks, and simultaneously rely
8   on them to establish a common policy on a different aspect of Defendant's practices.  Thus, the 206
9   declarations do not provide evidence of a common policy unique to second meal breaks.
10      In sum, Plaintiff has not presented any persuasive evidence that Defendant had a company-
11  wide policy of failing to allow second meal breaks where required.  Accordingly, for the reasons
12  stated in the November 13, 2012 Order and the reasons stated above, Plaintiff's motion to certify a
13  class of drivers who were not given a second meal break is DENIED.
14  **IT IS SO ORDERED.**
15  Dated: November 28, 2012

_____
LUCY H. KOH
United States District Judge