UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NELSON GONZALEZ VILLA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>UNITED SITE SERVICES OF CALIFORNIA, INC.,<br><br>Defendant. | Case No.: 12-CV-00318-LHK<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT |

The Court held a hearing on the parties' Joint Motion for Preliminary Approval of Settlement, ECF No. 167, on October 23, 2013, and November 26, 2013. Following the October 23 Hearing date, the Court requested that the parties make a number of revisions to the Stipulation of Settlement, Notice Forms, and Opt-out/FLSA Release Forms and advised the parties that the Court is skeptical of attorney's fees requests that are vastly greater than the class members' recovery. ("Oct. 23 Order") ECF No. 170. On November 15, 2013, the parties submitted revised settlement materials that addressed most of the concerns identified in the October 23 Order. ECF No. 174.

In spite of the parties' revisions, the Court remains concerned about several provisions of the settlement. First, the Court notes that, out of a total settlement fund of $349,676.30, Plaintiff's attorney is requesting $220,000.00 in attorney's fees and $51,176.30 in costs. ECF No. 174-1 at 4, 12. This amounts to 78% of the total settlement fund, which is well above the 25% benchmark that

1

Case No.: 12-CV-00318-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

the Ninth Circuit uses to evaluate the reasonableness of attorney's fees awards. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944-945 (9th Cir. 2011). Second, the current wording of both the Stipulation of Settlement and the Notice Forms indicates that this attorney's fees and costs award was calculated independently from the award to the class members, and that any reduction in attorney's fees and costs would not accrue to the class members and would instead revert to Defendant. *See* ECF No. 174-1 at 4, 12; 174-2 ("Subject to Court approval, [Defendant] will separately pay to Class counsel $220,000 for attorneys' fees and $51,176.30 for costs. This money will not reduce the award payments to any class member."); 174-3 (same). The Court does not view a settlement structured in this manner as fair or reasonable. Third, the Stipulation of Settlement indicates that settlement checks will be mailed to class members prior to this Court's final approval of the settlement, ECF No. 174-1 at 14, which is improper. Fourth, the Court is concerned that the funds from checks that are not cashed by class members will revert back to Defendant. *Id.* at 13. Finally, the Stipulation of Settlement allows Defendant's in-house counsel access to the identities of class members who have participated in the settlement. *Id.* at 10. In light of Defendant's previous conduct in this litigation—which included holding mandatory, one-on-one meetings with potential class members during work hours in an effort to obtain declarations stating that the potential class members were not prevented from taking their required breaks, *see* ECF No. 120 at 22-23—the Court is concerned that the privacy provisions in the Stipulation of Settlement may not sufficiently safeguard class members' privacy or protect class members from possible coercion or retaliation by Defendant.

In light of these concerns, the Court finds that it cannot grant preliminary approval of the settlement as it is currently structured. The Court therefore DENIES without prejudice the Joint Motion for Preliminary Approval of Settlement. The parties may submit a renewed motion for preliminary approval that addresses the above concerns and includes the following revisions:

1) Revise the settlement materials to consistently refer to either "Service Technician" or "Service Tech Non-CDL";
2) Clarify in the Notice Forms that a class member need only "mail" a form within 60 days of the Notice's mailing date in order for the form to be timely submitted;

2

3) Change Section I.C of the Stipulation of Settlement to state "Rule 23 class member" and not "Rule 23 class";

4) Replace the reference to the "San Jose class" on page 6 of the Stipulation of Settlement with "Rule 23 class";

5) Ensure that Exhibit 1 is attached to any renewed motion for preliminary approval;

6) Change "dived" on page 12 of the Stipulation of Settlement to "divided";

7) Include the named plaintiff's name on the Notice Forms in the sections entitled "Proposed Settlement";

8) Insert the phone number of the claims administrator on the Notice Forms;

9) Define "FLSA collective action" in the "Introduction" section of the FLSA class Notice Form in a manner likely to be understood by the class members;

10) In Section VI of the FLSA class Notice Form, change the sentence that begins, "Even *though* you have not received payment . . . ." to, "Even *if* you have not received payment . . . .";

11) Add class counsel's name and address to the "Do Nothing" portion of Section VI of the FLSA class Notice Form;

12) Submit a revised proposed order that reflects these and the other changes to the settlement.

In light of the foregoing, the Court VACATES the Final Pretrial Conference, currently set for December 12, 2013 at 1:30 p.m., and VACATES the Trial, currently set to begin January 6, 2014, at 9:00 a.m. The Court schedules a Further Case Management Conference for January 15, 2014, at 2:00 p.m.

**IT IS SO ORDERED.**

Dated:  November 27, 2013

_____
LUCY H. KOH
United States District Judge

3
Case No.: 12-CV-00318-LHK
ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT